# MURDOCK v. HANSON.

## (136 N. W. 236.)

**Suit for accounting — findings of fact.**

1. This is a suit for an accounting, and to redeem from a foreclosure sale upon paying the amount found due from respondent to appellant. On a trial *de novo* in this court, the facts found are stated in the opinion.

**Appeal and error — additional defendants — reversal.**

2. It appearing from the pleadings and the evidence submitted by respondent that some eight months prior to the commencement of this suit appellant had conveyed, by warranty deed, the premises in controversy, to third parties, who still hold title thereto, and that a complete determination of the questions involved cannot be had unless such holders of title are made parties defendant, the record is remanded, with directions to the trial court to cause such parties to be brought in as additional defendants; and to take testimony and determine their rights in the premises, and enter judgment in accordance with this opinion and the rights of the respective parties as found from the additional evidence so taken.

Opinion filed May 4, 1912.

Appeal by defendant from a judgment of the District Court for Wells County, *Goss,* Special J., in plaintiff's favor in a suit for an accounting and to redeem from a foreclosure sale.

Judgment vacated.

*H. A. Olsberg* (Valley City, North Dakota), for defendant and appellant.

*W. E. Hoopes* and *George H. Stillman* (Carrington, North Dakota), for plaintiff and respondent.

Spalding, Ch. J.    We are not entirely clear whether this suit was intended as one for specific performance of an oral contract to convey real estate, or one to redeem from a foreclosure sale, under an alleged agreement between the parties that appellant should take an assignment of a sheriff's certificate of sale, under a mortgage foreclosure, and permit the plaintiff to redeem by paying the amount which the certificate represented and other indebtedness of the plaintiff and her husband to

him. It seems to have been tried in the district court on the latter theory and without much reference to pleadings, and we shall treat it as an action to redeem. Respondent asks an accounting, and offers to pay the amount found due appellant.

We are not altogether satisfied that the plaintiff ought to recover; that is to say, the testimony of herself and her husband is in direct conflict with that of the appellant. Plaintiff herself was a most elusive and unsatisfactory witness. She studiously and ingeniously evaded giving direct testimony on many vital questions, except as occasionally compelled to do so by the court. Her husband confessed on the stand that he had testified falsely, and we should disregard the testimony given by both, did it stand alone, or had it not been considered and passed upon by a court which had the advantage of seeing and hearing both testify, and which was probably able to sift the true from the false; and even then we should feel compelled to disregard it but for corroboration in some important particulars. While the corroboration is not very strong, taken in connection with the advantage possessed by the trial court, we do not feel justified in disregarding the testimony given by these parties.

A trial *de novo* is demanded in this court on the record made in the district court. The questions involved are almost entirely questions of fact. After careful consideration we have reached the conclusion that in the main the findings of the trial court are supported by the record. No purpose would be served by a discussion of the evidence. We briefly state our findings of fact, omitting many which we deem immaterial:

The premises in controversy are the south half of the southwest quarter of section 27, and the east half of the southeast quarter of section 28, in township 150, north of range 73 west, to which the plaintiff's husband acquired title, under the homestead laws of the United States, in the year 1900. At the time of making final proof thereto, they executed and delivered a first mortgage to the Winona Savings Bank for $500, and a second mortgage to one Mitchell for $200, which mortgages were duly recorded in the office of the register of deeds of Wells county, North Dakota, about April 7, 1900. About April 15, 1903, the $200 mortgage was foreclosed by advertisement, and certificate issued to Mitchell, the mortgagee, for $265.50. In the

meantime appellant, John Hanson, sold to respondent's husband a team of horses for which he received a note in the sum of $223.30, secured by a chattel mortgage, signed by respondent and her husband. Thereafter, on or about the 22d day of April, 1902, respondent and her husband executed and delivered to said Hanson a mortgage upon the premises in controversy, as additional security for payment of the purchase price of the team of horses, which mortgage was duly recorded. Hanson thereafter abandoned his chattel security. On or about December 23, 1903, appellant, Hanson, at the request of respondent and her husband, purchased the sheriff's certificate representing the foreclosure sale above referred to, under an indefinite and vague agreement with the respondent to carry the same as security for the amount paid and for other indebtedness to him, and to permit them to repay any indebtedness owed to or advancements made by him in their behalf, he holding such certificate, and the sheriff's deed later issued, as security therefor, with interest.

On April 21, 1904, appellant applied to and received from the sheriff of Wells county a sheriff's deed conveying to him the premises in controversy, which deed was duly recorded. On several occasions, respondent and her husband commenced negotiations with other parties to secure the money necessary to reimburse appellant for the sums advanced by him, with interest, but were prevented from doing so by the advice of appellant that he was willing to let the indebtedness to him run, on payment of interest, and thereby save them the payment of large sums of money as commissions for securing a new loan, which they would have to do if they paid the amount due him. No payment was made except $93.20, in the fall of 1908.

The amount due the appellant at the present time, as shown by the record, is as follows:

The amount represented by the purchase of sheriff's certificate of sale, $265.65; to which must be added interest at 12 per cent since April 15, 1903;

The purchase price of horses, $223.30, and interest thereon at 10 per cent since April 22, 1902;

Mortgage purchased by appellant from bank, dated June 17, 1901, $301.65; and interest thereon at 10 per cent;

Store bill secured by mortgage, paid by Hanson, $61.95; interest at 7 per cent;

Making a total of $1,754.01, as near as we are able to compute the same from the somewhat uncertain dates disclosed by the record. From this must be deducted wheat delivered to Hanson in 1908, $93.30, with interest thereon at 7 per cent, making a total of $121.73, leaving due appellant $1,632.28, on the 15th day of April, 1912.

There is some evidence of appellant having paid taxes and other expenses, but no figures are given, hence such items are excluded from our computation. The trial court fund due the appellant $759.45. We have tried in vain to ascertain how these figures were arrived at. Respondent's husband testified that the indebtedness amountd to over $1,300, January 1, 1910, with interest at 7 per cent. The sums which we have named are those testified to definitely by the husband of respondent, with interest computed on the foreclosure as provided by statute, and on the other items as testified to by appellant.

If no other questions presented themselves we could modify the judgment of the district court as to the amount found due, and when so modified, affirm it; but the record discloses other persons interested in this litigation who are not made parties thereto and whose absence precludes a complete determination or settlement of the questions involved herein. The defendant's answer alleges a transfer of the premises in question before the commencement of this action, to one Axel Pederson and one Axel Lundin, and that they are the holders of the title thereto. Thirty days after the trial was completed, the court, without notice to defendant, permitted the plaintiff to amend her complaint and thereby allege that, since the commencement of the action, said Pederson and Lundin had acquired or claim to have acquired some interest, title, or demand upon, in, to, and against said premises or some portion thereof. The first exhibit offered by the plaintiff in evidence on the trial was an abstract of title to the premises in controversy, which it was stipulated should be received in lieu of the original records, and this abstract contains two entries showing the conveyance of the premises by warranty deeds to said Pederson and Lundin, eight or nine months before this suit was commenced. The pleadings and this exhibit make it clear that said holders of the title are necessary parties to a complete determination of the questions involved. In case they are good-faith pur-

chasers, no judgment in this action could restore such premises to respondent. Rev. Codes 1905, § 6816. For this reason we are compelled to vacate the judgment and remand the action with directions that the trial court cause said Pederson and said Lundin to be made parties defendant, and after issue is joined by them, or in case of default, that court to take testimony and determine their rights in the premises and enter judgment in accordance with this opinion and the rights of the respective parties as found from the additional evidence.

The trial court should also take into consideration the original $500 mortgage, and duly ascertain whether appellant has paid the same, and if he has done so the amount paid, with interest, should be added to the sum hereinbefore found due appellant as the amount necessary to be paid to entitle respondent to redeem, provided she is entitled to redeem under the additional facts found. Appellant will recover costs.

BURKE, J., and Goss, J., being disqualified, by stipulation of counsel the cause decided by the remaining members of the court.